IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-278-CR




LUIS MARTINEZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 104,189, HONORABLE MACE B. THURMAN, JR., JUDGE


 





PER CURIAM

 Appellant pleaded guilty and judicially confessed to
possessing more than 28 grams but less than 400 grams of cocaine,
a controlled substance. Tex. Health & Safety Code Ann. § 481.115
(Pamph. 1991). In accordance with a plea bargain agreement, the
court assessed punishment at imprisonment for forty years.

 Appellant's court-appointed attorney has filed a brief in
which he has concluded that the appeal, with one exception, is
frivolous. The brief meets the requirements of Anders v.
California, 386 U.S. 738 (1967), by presenting a professional
evaluation of the record demonstrating why there are no arguable
points of reversible error to be advanced. See also Penson v.
Ohio, ___ U.S. ___, 102 L.Ed.2d 300 (1988); Gainous v. State, 436 
S.W.2d 137 (Tex. Cr. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Cr. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Cr.
App. 1974); High v. State, 573 S.W.2d 807 (Tex. Cr. App. 1978). 
A copy of counsel's brief was delivered to appellant, and appellant
was advised of his right to examine the appellate record and to
file a pro se brief. No pro se brief has been filed.


 In his brief, counsel points out that there is an error
in the judgment that should be reformed. Tex. R. App. P. Ann.
80(b) (Pamph. 1990). The judgment erroneously recites that
appellant was found guilty of possession of a controlled substance
with intent to deliver. The judgment is reformed to delete the
phrase "with intent to deliver."

 We have carefully reviewed the record and counsel's brief
and agree that, except as previously noted, the appeal is frivolous
and without merit.

 As reformed, the judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed:  July 24, 1991

[Do Not Publish]